UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISO DIVSION

| | | |
|---|---|---|
| IN RE: | ) | |
| ROBERT RUSSELL DREW | ) | |
| (PRO SE) | ) | CASE.: |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| | ) | |
| Sunrise Credit Services INC | ) | |
| 260 Airport plaza, | ) | |
| Farmingdale, NY 11735 | ) | |
| | ) | Judge: |
| DEFENDANT | ) | |
| _____ | ) | |

**Nature of Action:**
**FEDERAL CIVIL ACTION SEEKING DAMAGES**

COMES NOW BEFORE THIS COURT, (PRO SE) Plaintiff, Robert Russell Drew, and for his

Complaint states as follows:

**Introduction**

1.  Comes now before this honorable court, Robert Russell Drew Pro Se Plaintiff.  Alleging multiple

private rights of action(s) claims IAW federal statute.

**Parties**

2.  The plaintiff in this case, Robert Russell Drew, a natural person under the law, residing at 18

Hayford court, Novato, CA, 94949 at the time(s) of of the alleged incident(s).

3.  The Defendant Sunrise Credit Services, Inc, is chartered as an accounts receivable management company with its main headquarters located at 260 Airport plaza, Farmingdale, NY 11735

   a.  Defendant, Sunrise Credit Services, Inc. ("Defendant"), is a New York business entity with an address of 260 Airport Plaza, Farmingdale, NY 11735 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

## JURISDICTION

4.  This court has jurisdiction in the above stated complaint as it arises due to known violations of federal law, and in accordance with current practice, the venue of federal district court as a elected option is authorized.

## Venue

5.  This venue ( San Francisco northern div ) is a correct venue as the plaintiff, during the times of all the alleged violations of law, he is claiming accrued while he resided w/in its preview.

## Factual Allegations

6. The Plaintiff allegedly incurred a financial obligation in the amount of est $500.00 (the "Debt") to an original creditor (the "Creditor")

7. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.

8. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S,C. Section 1692a(2).

9.  On 1/14/2016, a third party received a call from the defendant, advising third party plaintiff owed a debt to (creditor)  for the amount of (around) 500.00; party was told the defendant was a debt collector, provided with private information about my own personal financial records and standing and pressured into supplying direct information in regards to myself, that he could not provide.

10.   Due to this third party contact, Plaintiff contacted the defendant and was advised you obtained the

debt from (creditor) in May 2015.

11.  Plaintiff filed for chapter 7 bankruptcy protection on 24 July 2015.

12.  Plaintiff received a discharge on 11 August 2015 (15-23933-cmg), yet third party was contacted well after discharge.

### Count I – 15 U.S. Code § 1692b(2)(3) & e(2)
### 'FDCPA'

13. The Foregoing paragraphs are incorporated heron for reference.

14  Defendant violated 15 USC. 1692(b) by willfully disclosing privileged information to a third party while knowing said person was not the directed party.

15.  Defendant violated 15 USC. 1692E(2) by willfully attempted to collect on a debt under false representation, a debt discharged in bankruptcy is a misinterpretation of debt and as such, Sunrises attempt to collect was in violation.

16.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A) and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3)

### Count II CA Code 1788 et Seq
### 'Rosenthal Act'

17.  Paragraphs 1 to 16 are incorporated heron for reference.

18.  Any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates the FDCPA.

19. Defendant SUNRISE violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692c(a)(2), 1692e, 1692e(2)(A) and 1692e(10).

20.  As a result of each and every violation of the Rosenthal FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

## **PRAYER FOR RELIF**

21.  The foregoing paragraphs are incorporated herein by reference.

22.  The defendants conduct violated 15 U.S. Code § 1692 et SeQ

23.   The defendants conduct violated 'the Rosenthal' act

24.  WHEREFORE, the Plaintiff having set forth their claims for relief against the Defendant

respectfully prays of the Court as follows:

    a.   Actual damages;
    b.  Statutory damages;
    c.  For costs of suit herein incurred; and
    d.  For other and further relief as the court may deem proper.


Humbly Requested and Respectfully Submitted

*///SIGNED///*
*ROBERT RUSSELL DREW*

_____

ROBERT RUSSELL DREW
(PRO SE) Debtor/plaintiff
18 Hayford CT
Novato, CA.94949
Email: Drew3489@gmail.com


*//////NOTHING FOLLOWS/////*